IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DWAYNE REDINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-0219-CV-W-NKL |
| | ) |
| TIMOTHY McCORKLE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Dwayne Redinger's ("Redinger") Motion to Remand [Doc. # 3]. For the reasons set forth below, the Court will grant Redinger's request for remand.

**I.  Background**

On February 14, 2006, Redinger filed his Petition in the Circuit Court of Lafayette County against Timothy McCorkle ("McCorkle"), who was a police officer at the time in question. Defendant removed the case to federal court claiming that federal subject matter jurisdiction is based on 42 U.S.C. § 1983. Redinger's Petition consists of four counts: intentional infringement and suppression of the freedom of speech under the Missouri Constitution (Count I); assault (Count II); battery (Count III); and false imprisonment (Count IV). *Id.*

**II.  Discussion**

A defendant may remove a claim from a state court to a federal district court if a

1

"district court[] of the United States ha[s] original jurisdiction" over the claim. 28 U.S.C. § 1441(a). One basis for original jurisdiction is diversity jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of the interest and costs . . . ." 28 U.S.C. § 1332(a). A second basis for original jurisdiction is civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Furthermore, in reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

McCorkle claims that the basis for this Court's subject matter jurisdiction is that Redinger's Petition states a claim for relief under 42 U.S.C. § 1983. According to McCorkle, because the Missouri Constitution is not self-executing or self-enabling, and there is no Missouri statute that gives rise to a civil action based on a constitutional violation, Count I of Redinger's Petition, asserting the Missouri constitutional violation, is meaningless unless it is construed as a section 1983 claim for violation of the United States Constitution. In his Reply, Redinger states, "[he] is not attempting to assert § 1983 violations, and he has deliberately avoided stating any claim under federal constitutional or federal statutory law." *See* Reply [Doc. # 7] at p. 2.

Federal question jurisdiction exists "if the 'well-pleaded complaint establishes

2

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Regarding the "well-pleaded complaint rule," the Supreme Court has held that the rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

In the instant case, Redinger has deliberately avoided pleading claims that would bring his case within the jurisdiction of this Court. It is inconsequential how McCorkle thinks Redinger's claims should have been pleaded or what McCorkle thinks about the viability of Redinger's claim under the Missouri Constitution. Redinger is the "master of the claim" and he has intentionally avoided the purview of this Court. *Id.* Thus, based on the four corners of Redinger's Petition, this Court will grant his Motion and remand this matter to the Circuit Court of Lafayette County, Missouri.

Because McCorkle has provided no colorable support for his claim that this Court has subject matter jurisdiction, an award of attorney's fees to Plaintiff is appropriate. Under the circumstances, the Court finds that an award of $250 is a reasonable attorney's fee for Redinger's Motion for Remand.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Redinger's Motion to Remand [Doc. # 3] is GRANTED.  This case is remanded to the Circuit Court of Lafayette County, Missouri, for further proceedings.  McCorkle is ordered to pay $250 to Redinger's attorney, Kirk Rahm.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

DATE: April 28, 2006  
Kansas City, Missouri